J-S18015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY THOMAS | : | |
| | : | |
| Appellant | : | No. 2944 EDA 2022 |

Appeal from the PCRA Order Entered November 2, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0316801-1989

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY THOMAS | : | |
| | : | |
| Appellant | : | No. 2948 EDA 2022 |

Appeal from the PCRA Order Entered November 2, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0800011-1990

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY THOMAS | : | |
| | : | |
| Appellant | : | No. 2951 EDA 2022 |

Appeal from the PCRA Order Entered November 2, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0820411-1990

BEFORE:   PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED SEPTEMBER 18, 2023**

Gregory Thomas appeals, *pro se*, from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court found that Thomas's petition was untimely and failed to meet one of the enumerated exceptions to timeliness provided by the PCRA. After careful review, we affirm.

In 1991, Thomas was found guilty of two counts of murder and related offenses. ***See Commonwealth v. Gregory***, 1601 EDA 2014 (Pa. Super. filed August 8, 2014) (unpublished memorandum). Thomas was sentenced to two concurrent life sentences on the murder charges. ***See id***. at ¶ 3.

Thomas filed the instant PCRA petition, his seventh, on February 1, 2018. ***See*** Motion for Post Conviction Collateral Relief, 2/1/18. The *pro se* petition presented various news articles regarding payment for court appointed attorneys, seemingly making an argument that counsel was *per se* ineffective due to being underpaid. ***See id***. The petition claimed that it met the governmental interference and newly discovered fact exceptions to the PCRA's time-bar. ***See id***. In a later amendment, Thomas referred broadly to claims of corruption in the Philadelphia Police Department and District Attorney's Office and attached a brief filed by the Philadelphia District Attorney's Office Conviction Integrity Unit in an unrelated case. ***See*** Motion for Leave to File an Amendment, 9/9/20.

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

Thomas's PCRA petition was dismissed on November 2, 2022. Thomas filed a notice of appeal to this Court which listed his three lower court docket numbers. **See** Notice of Appeal, 11/14/22. This Court's docket reflects three copies of the notice of appeal, each one with a checkmark next to one of the three lower court docket numbers. **See** Notices of Appeal-IFP Pending, 12/9/22. When appealing to this Court, an appellant must file separate notices of appeal for each docket when one order resolves issues on multiple lower court dockets. **See Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018). This Court will accept notices of appeal that list multiple docket numbers when the appropriate number of appeals have been filed, especially if each notice somehow highlights an individual docket. **See Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*). Accordingly, this Court accepted Thomas's notices of appeal and consolidated them *sua sponte*. **See** Order, 1/23/23.

When we review an order dismissing a PCRA petition we determine whether the decision is supported by the record and free of legal error. **See Commonwealth v. Jarosz,** 152 A.3d 344, 350 (Pa. Super. 2016). Here, the PCRA court determined it lacked jurisdiction to consider Thomas's petition because the petition was untimely and failed to prove an exception to the timeliness provision of the PCRA. **See** PCRA Court Opinion, 12/5/22, at 1.

A PCRA petition must be filed within the one-year period immediately following the date on which the judgment of sentence becomes final. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). This

time-bar implicates our jurisdiction, and we may not ignore it to assess the merits of a petition. ***See id***. A judgment of sentence becomes final when the direct review is complete or the time for seeking direct review expires. ***See id***.

Our review of the record reflects that Thomas's judgment of sentence became final in 1993, after the time to file a *writ of certiorari* to the United States Supreme Court expired. ***See Commonwealth v. Fantauzzi***, 275 A.3d 986, 995 (Pa. Super. 2022). The instant PCRA petition was filed on February 1, 2018, making it patently untimely. ***See*** Motion for Post Conviction Collateral Relief, 2/1/18.

Nevertheless, a petitioner may overcome the time-bar when they allege in their petition and prove one of three exceptions. ***See Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). These exceptions include: that the claim was not raised previously due to interference by government officials; that the petitioner previously did not know, and could not have known, through due diligence, the facts of the claim earlier; and that the petitioner is asserting a right which has been recognized since the judgment of sentence became final and has been held to apply retroactively. ***See*** 42 Pa.C.S.A. § 9545 (b)(1)(i)-(iii).

Thomas attempts to invoke the government interference exception at 42 Pa.C.S.A. § 9545(b)(1)(i) and the newly discovered fact exception at 42 Pa.C.S.A. § 9545(b)(1)(ii). ***See*** Motion for Leave to file an Amendment Pending, 9/9/20, at 2. Thomas's arguments combine the two exceptions.

Thomas claims that **Brady**[1] material was withheld in his case, amounting to governmental interference. **See id**. He then claims that he was made aware of this governmental interference when the district attorney's office filed a brief in an unrelated case and that filing constitutes a newly discovered fact. **See id**. Thomas makes no attempt to connect the brief admitting **Brady** violations in an unrelated case with his own case other than they were both prosecuted around the same time and that the deficiencies may have been institutional. **See id**. at 3.

A **Brady** violation may satisfy the governmental interference and newly discovered fact exceptions to the time-bar. **See Commonwealth v. Natividad**, 200 A.3d 11, 28 (Pa. 2019). However, the fact or facts that Thomas claims are newly discovered or were wrongfully withheld by the government "must bear some logical connection to a plausible claim for relief." **Commonwealth v. Myers**, ____ A.3d ____, 831 WDA 2022 (Pa. Super. filed July 20, 2023) (citation omitted).

Here, Thomas's attempt at invoking an exception to the time-bar fails as he does not plead or prove any facts showing the government interfered in his case, merely that the Commonwealth conceded interference occurred in someone else's case. Further, Thomas fails to show any connection between the Commonwealth's brief in the unrelated case and his claims in the present matter. As the PCRA court cogently explains, Thomas has:

---

[1] **See Brady v. Maryland**, 373 U.S. 83 (1963).

failed to explain how an unrelated brief citing prosecutorial misconduct in an unrelated case suggests that the Commonwealth withheld exculpatory evidence in his case. There is no indication [Thomas] was prosecuted and investigated by the same prosecutors and detectives as [in the unrelated case,] nor has he articulated what, precisely, was withheld. The attached brief simply transforms his bald assertions into pure speculation.

PCRA Court Opinion, 12/5/2022, at 1-2.

Thomas's appellate brief does not address any of the deficiencies cited by the PCRA court. He therefore has not provided any basis for this Court to conclude the PCRA court erred in finding that he had not successfully pled any exception to the time-bar.

As Thomas failed to successfully plead the existence of any exception to the PCRA's time-bar, the PCRA court correctly determined it lacked jurisdiction over Thomas's petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2023